IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :    Crim. No. 1:19-CR-00194

:

:

v.    :

:

DONALD JACKSON    :

:    Judge Jennifer P. Wilson

## MEMORANDUM

Before the court is a motion to recognize eligibility for First Step Act time credits under 18 U.S.C. § 3632(d)(4) filed by Defendant Donald Jackson ("Defendant") that has been docketed as a motion to reduce sentence under Section 404 of the First Step Act. (Doc. 87.) For the following reasons, the court will construe the pending motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transfer the action to the United States District Court District of New Hampshire.

### BACKGROUND

On February 11, 2022, judgement was entered in the above captioned case against Defendant who pleaded guilty of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 942(c) with an offense date of June 19, 2018. (Doc. 83.) He was sentenced to one hundred eighty (180) months imprisonment to be followed by five years of supervised release. (*Id*.)

1

Defendant is currently housed at the Federal Correctional Institution Berlin ("FCI-Berlin") with a projected release date of August 27, 2031.  Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited June 29, 2026).

On June 24, 2026, the court received and docketed a motion to recognize eligibility for First Step Act time credits under 18 U.S.C. § 3632(d)(4) requesting the court to declare that Defendants' conviction under 18 U.S.C. § 924(c) does not fall within the statutory exclusion under 18 U.S.C. § 3632(d)(4)(D)(xxii) and order the Bureau of Prisons to recalculated his earned time credits under the First Step Act and apply them towards his sentence.  (Doc. 83.)

Defendants' motion was docketed as a motion to recalculate his sentence under Section 404 of the First Step Act.  (Doc. 83.)

### DISCUSSION

### A. The Court Will Construe the Motion as a Section 2241 Petition for Writ of Habeas Corpus.

While Defendant's motion was filed as seeking relief under Section 404 of the First Step Act, it more properly appears to be a petition for writ of  habeas corpus under 28 U.S.C. § 2241.

Section 404 of the First Step Act permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  First Step Act of 2018, 115 Pub.

L. 391 § 404, 132 Stat. 5194, 5222 (2018).  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."  *Id.*  These specified sections modified the drug amounts required to trigger mandatory minimums for crack cocaine trafficking offenses from 5 grams to 28 grams with respect to the 5–year mandatory minimum and from 50 grams to 280 grams with respect to the 10–year mandatory minimum.  Fair Sentencing Act, Pub. L. No. 111–220, § 2(a), 124 Stat. 2372, 2372.  The Fair Sentencing Act also eliminated the 5–year mandatory minimum for simple possession of crack.  *Id.* at § 3, 124 Stat. 2372, 2372.  *See also Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) (explaining sentencing discrepancies for certain drug offenses that Fair Sentencing Act sought to remedy).  Here, Defendant's offense is not a "covered offense" under Section 404.  It is for the possession of a firearm, not the possession of crack cocaine.

The filing is more appropriately construed as a petition for writ of habeas corpus under Section 2241.  Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence."  *See Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); *Woodall v. Fed. Bureau of Prisons*, 432

F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out."  *See Woodall*, 432 F.3d at 242, 243 (citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  *See, e.g., Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).  Defendant is asking the court to address his eligibility for earned time credits under the First Step Act, which allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A), (C).  Therefore, this filing is more properly construed as petition for writ of habeas corpus under Section 2241.

### B. The Court Will Transfer the Petition to the District of New Hampshire.

A Section 2241 petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful

custody.")  Defendant is currently in custody at FCI-Berlin in New Hampshire. Therefore, the United States District Court for the District of New Hampshire is the proper venue for Defendant's writ of habeas corpus.  *See* 28 U.S.C. § 109.

Accordingly, in the interest of justice, the court will direct the Clerk of Court to transfer this action to the United States District Court for the District of New Hampshire.  *See* 28 U.S.C. § 1404(a) (stating that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought . . .")

## CONCLUSION

For the reasons set forth above, the court will construe the pending motion as a petition for writ of habeas corpus under Section 2241 and transfer the petition to the United States District Court for the District of New Hampshire.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 30, 2026

5